PER curiam;.
George Anthony Brown timely appeals the denial of his motion for postconviction relief, filed pursuant to Florida Rule of Criminal Procedure 3.850. Brown complains of twenty-two errors during trial that he argues constitute ineffective assistance of counsel and entitle him to reversal of his conviction: twelve of Brown’s claims concern counsel’s failure to object to statements made by the prosecutor during closing argument; four claims concern trial counsel’s failure to object to testimony elicited by the prosecutor from various witnesses; and six additional claims concern alleged miscellaneous failures on the part of defense counsel during trial. The trial court held an evidentiary hearing on three of Brown’s claims and summarily denied the remaining claims. After review, we reverse the summary denial of claims two, three, four, five, seven, ten, and twenty, and remand for attachment of portions of the record refuting those claims or for an evidentiary hearing. See Freeman v. State, 761 So.2d 1055, 1061 (Fla.2000) (“[A] defendant is entitled to an evidentiary hearing on a postconviction relief motion unless (1) the motion, files, and records in the case conclusively show that the prisoner is entitled to no relief, or (2) the motion or a particular claim is legally insufficient.”). In all other respects, we affirm.
AFFIRMED in part; REVERSED in part; and REMANDED with instructions.
PALMER, EVANDER and BERGER, JJ., concur.